PER CURIAM.
The Probate Rules Committee of the Florida Bar (Rules Committee) petitions this Court to consider proposed amendments to the Florida Probate Rules. The amendments primarily follow statutory revisions of the Probate Code and other statutory changes, avoid redundancy, or provide cohesiveness and clarity within the rules. Specifically, in its biennial report of proposed rule amendments, the Rules Committee proposes amending Florida Probate Rules 5.040 (Notice); 5.041 (Service of Pleadings and Papers); 5.042 (Time); 5.240 (Notice of Administration); 5.241 (Notice to Creditors); 5.270 (Revocation of Probate); 5.345 (Accountings Other Than Personal Representatives’ Final Ac-countings); 5.346 (Fiduciary Accounting); 5.360 (Elective Share); 5.400 (Distribution and Discharge); 5.404 (Notice of Taking Possession of Protected Homestead); 5.475 (Ancillary Administration, Short Form); 5.496 (Form and Manner of Objecting to Claim); 5.530 (Summary Administration); and 5.620 (Inventory). The Rules Committee also proposes new rules 5.402 (Notice of Lien on Protected Homestead); 5.403 (Proceedings to Determine Amount of Lien on Protected Homestead); 5.498 (Personal Representatives’ Proof of Claim); 5.499 (Form and Manner of Objecting to Personal Representatives’ Proof of Claim); and 5.625 (Notice of Completion of Guardian Education Requirements). We have jurisdiction. See art. V, § 2(a), Fla. Const.
Pursuant to Florida Rule of Judicial Administration 2.130(c), the proposed changes were submitted to the Board of Governors of The Florida Bar, and a summary of the proposed amendments was published for comment. No comments were received by the Rules Committee. After unanimous approval by the Board, the proposals as presented to the Court were published for comment. Again, no comments were filed.
We have reviewed the proposed amendments and adopt them as set forth in the appendix to this opinion. The new language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2006, at 12:01 a.m.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ„ concur.
APPENDIX
Rule 5.030. Attorneys
(a) Required; Exception. Every guardian and every personal representative, unless the personal representative remains the sole interested person, shall be represented by an attorney admitted to practice in Florida. A guardian or personal representative who is an attorney admitted to practice in Florida may represent himself or herself as guardian or personal representative.
*1179 (b) Limiting Appearance. An attorney of record for an interested person in a proceeding governed by these rules shall be the attorney of record in all other proceedings in the administration of the same estate or guardianship, except service of process in an independent action on a claim, unless
(1) at the time of appearance the attorney files a notice specifically limiting the attorney’s appearance only to the particular proceeding or matter in which the attorney appears, or
(2) the court orders otherwise.
(c) Withdrawal or Limiting Appearance. An attorney of record may withdraw or limit the attorney’s appearance with approval of the court, after filing a motion setting forth the reasons and serving a copy on the client and interested persons.
Committee Notes
The appearance of an attorney in an estate is a general appearance unless (i) specifically limited at the time of such appearance or (ii) the court orders otherwise. This rule does not affect the right of a party to employ additional attorneys who, if members of The Florida Bar, may appear at any time.

Rule History

1975 Revision: Subdivision (a) is same as prior rule 5.040 with added provision for withdrawal of attorney similar to Florida Rule of Appellate Procedure 2.3(d)(2). Subdivision (b) reflects ruling in case of State ex rel. Falkner v. Blanton, 297 So.2d 825 (Fla.1974).
1977 Revision: Editorial change requiring filing of petition for withdrawal and service of copy upon interested persons. Editorial change in citation forms in rule and committee note.
1984 Revision: Minor editorial changes and addition of subdivision (c). Committee notes expanded.
1988 Revision: Editorial changes and order of subdivisions rearranged. Committee notes expanded. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
2005 Revision: Committee notes revised.

Statutory References

§ 731.301, Fla. Stat. Notice.
§ 733.106, Fla. Stat. Costs and attorney’s fees.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.6175, Fla. Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
§ 744.108, Fla. Stat. Guardian’s and attorney’s fees and expenses.

Rule References

Fla. Prob. R. 5.041(b) Service of pleadings and papers.
Fla. Prob. R. 5.110 (b), (c) Resident agent.
Fla. R. Jud. Admin. 2.060 Attorneys.
Fla. R.App. P. 9.440 Attorneys.
Rule 5.040. Notice
(a) Formal Notice.
(1) When formal notice is given, a copy of the pleading or motion shall be served on interested persons, together with a notice requiring the person served to serve written defenses on the person giving notice within 20 days after service of the notice, exclusive of the day of ser *1180 vice, and to file the original of the written defenses with the clerk of the court either before service or immediately thereafter, and notifying the person served that failure to serve written defenses as required may result in a judgment or order for the relief demanded in the pleading or motion, without further notice.
(2) After service of formal notice, informal notice of any hearing on the pleading or motion shall be served on interested persons, provided that if no written defense is served within 20 days after service of formal notice on an interested person, the pleading or motion may be considered ex parte as to that person, unless the court orders otherwise.
(3) Formal notice shall be served:
(A)by sending a copy by any commercial delivery service requiring a signed receipt approved by the chief judge of the judicial circuit-in-which the-proceeding is pending or by any form of mail requiring a signed receipt as follows:
(i) to the attorney representing an interested person; or
(ii) to an interested person who has filed a request for notice at the address given in the request for notice; or
(iii) to an incapacitated person to the person’s usual place of abode and to the person’s legal guardian, if any, at the guardian’s usual place of abode or regular place of business; or, if there is no legal guardian, to the incapacitated person at the person’s usual place of abode and on the person, if any, having care or custody of the incapacitated person at the usual place of abode or regular place of business of such custodian; or
(iv) on any other individual to the individual’s usual place of abode or to the place where the individual regularly conducts business; or
(v)on a corporation or other business entity to its registered office in Florida or its principal business office in Florida or, if neither is known after reasonable inquiry, to its last known address; or
(B) as provided in the Florida Rules of Civil Procedure for service of process; or
(C) as otherwise provided by Florida law for service of process.
(4) Service of formal notice pursuant to subdivision (3)(A) shall be complete on receipt of the notice. Proof of service shall be by verified statement of the person giving the notice; and there shall be attached to the verified statement the signed receipt or other evidence satisfactory to the court that delivery was made to the addressee or the addressee’s agent.
(5) If service of process is made pursuant to Florida law, proof of service shall be made as provided therein.
(b) Informal Notice. When informal notice of a petition or other proceeding is required or permitted, it shall be served as provided in rule 5.041(b).
(c) “Notice” Defined. In these rules, the Florida Probate Code, and the Florida Guardianship Law “notice” shall mean informal notice unless formal notice is specified.
(d) Formal Notice Optional. Formal notice may be given in lieu of informal notice at the option of the person giving notice unless the court orders otherwise. When formal notice is given in lieu of informal notice, formal notice shall be given to all interested persons entitled to notice.
Committee Notes
Formal notice is the method of service used in probate proceedings and the method of service of process for obtaining juris *1181 diction over the person receiving- the notice.
Informal notice is the method of service of notice given to interested persons entitled to notice when formal notice is not' given or required.
Reference in this rule to the terms “mail” or “mailing” refers to use of the United States Postal Service.

Rule History

1975 Revision: Implements section 731.301, Florida Statutes.
1977 Revision: Reference to elisor.
1980 Revision: Editorial changes. Clarification of time for filing defenses after formal notice. Authorizes court to give relief to delinquent respondent from ex parte status; relief from service on numerous persons; allows optional use of formal notice.
1984 Revision: Editorial changes. Eliminates deadline for filing as opposed to serving defenses after formal notice; defines procedure subsequent to service of defenses after formal notice; new requirements for service of formal notice on incompetents and corporations; defines when service of formal notice is deemed complete; provisions relating to method of service of informal notice transferred to new rules 5.041 and 5.042; eliminates waiver of notice by will.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1991 Revision: Subdivision (b) amended to define informal notice more clearly.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (a) amended to permit service of formal notice by commercial delivery service to conform to 1993 amendment to section 731.301(1), Florida Statutes. Editorial changes.
2001 Revision: Editorial changes in subdivision (a)(3)(A) to clarify requirements for service of formal notice.
2003 Revision: Committee notes revised.
2005 Revision: Subdivision (a)(3)(A) amended to delete requirement of court approval of commercial delivery service.

Statutory References

§ 1.01(3), Fla. Stat. Definitions.
ch. 48, Fla. Stat. Process and. service of process.
ch. 49, Fla. Stat. Constructive service of process.
§ 731.105, Fla. Stat. In rem proceeding.
§ 731.201(16), (20), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.502, Fla. Stat. Resignation of personal representative.
§ 733.613, Fla. Stat. Personal representative’s right to sell real property.
§ 733.6175, Fla. Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
§ 733.901, Fla. Stat. Final discharge.
§ 744.106, Fla. Stat. Notice.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
*1182 § 744.441, Fla. Stat. Powers of guardian upon court approval.
§ 744.447, Fla. Stat. Petition for authorization to act.
§ 744.477, Fla. Stat. Proceedings for removal of a guardian.

Rule References

Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.030 Attorneys.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. R. Jud. Admin. 2.060 Attorneys.
Fla. R. Civ. P. 1.070 Process.
Fla. R. Civ. P. Form 1.902 Summons.
Rule 5.041. Service of Pleadings and Papers
(a) Service; When Required. Unless the court orders otherwise, every petition or motion for an order determining rights of an interested person, and every other pleading or paper filed in the particular proceeding which is the subject matter of such petition or motion, except applications for witness subpoenas, shall be served on interested persons unless these rules, the Florida Probate Code, or the Florida Guardianship Law provides otherwise. No service need be made on interested persons against whom a default has been entered, or against whom the matter may otherwise proceed ex parte, unless a new or additional right or demand is asserted.
(b) Service; How Made. When service is required or permitted to be made on an interested person represented by an attorney, service shall be made on the attorney unless service on the interested person is ordered by the court. Except when serving formal notice, or when serving a motion, pleading, or other paper in the manner provided for service of formal notice, service shall be made by delivering or mailing a copy of the motion, pleading, or other paper to the attorney or interested person at the last known address or, if no address is known, leaving it with the clerk of the court. Service by mail shall be complete upon mailing except wherewhen serving formal notice or when making service in the manner of formal notice. Delivery of a copy within this rule shall be complete upon
(1) handing it to the attorney or to the interested person; or
(2) leaving it at the attorney’s or interested person’s office with a clerk or other person in charge thereof; or
(3) if there is no one in charge, leaving it in a conspicuous place therein; or
(4) if the office is closed or the person to be served has no office, leaving it at the person’s usual place of abode with some person of his or her family above 15 years of age and informing that person of the contents; or
(5) transmitting it by facsimile to the attorney’s or interested person’s office with a cover sheet containing the sender’s name, firm, address, telephone number, facsimile number, and the number of pages transmitted. When delivery is made by facsimile, a copy shall also be served by any other method permitted by this rule. Facsimile delivery occurs when transmission is complete.
Service by delivery after 4:00 p.m. shall be deemed to have been made on the next day that is not a Saturday, Sunday, or legal holiday.
*1183 (c) Service; Numerous Interested Persons. In proceedings when the interested persons are unusually numerous, the court may regulate the service contemplated by these rules on motion or on its initiative in a manner as may be found to be just and reasonable.
(d) Filing. All original papers shall be filed either before service or immediately thereafter. If the original of any bond or other paper is not placed in the court file, a certified copy shall be so placed by the clerk.
(e) Filing With the — Court Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk, except that the judge may permit the papers to be filed with the judge in which event the judge shall note the filing date and transmit themthe papers to the clerk. The date of filing is that shown on the face of theeach paper by the judge’s notation or the clerk’s time stamp, whichever is earlier.
(f) Certificate of Service. When any attorney shall certify in substance:
“I certify that a copy hereof has been furnished -toserved on (here insert name or names) by (delivery) (mail) (fax) on (date).
[[Image here]]
the certificate shall be taken as prima facie proof of service in compliance with these rules except in case of formal notice or service in the manner of formal notice. A person not represented by an attorney shall certify in the same manner, but the certificate must be verified.
(g)Service of Orders.
(1) A copy of all orders or judgments determining rights of an interested person shall be transmitted by the court or under its direction at the time of entry of the order or judgment to all interested persons in the particular proceeding.
(2) This subdivision (g) is directory, and a failure to comply with it does not affect the order or judgment or its finality.
Committee Notes
Derived from Florida Rule of Civil Procedure 1.080. Regulates the service of pleadings and papers in proceedings on petitions or motions for determination of rights. It is not applicable to every pleading and paper served or filed in the administration of a guardianship or decedent’s estate.

Rule History

1984 Revision: New rule. Subdivision (c) is same as former rule 5.040(d).
1988 Revision: Committee notes revised. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (b) amended to allow service to be made by facsimile. Committee notes revised.
2000 Revision: Subdivision (b) amended to clarify requirements for service of pleadings and papers. Subdivision (e) amended to clarify date of filing. Editorial changes in subdivision (f).
2003 Revision: Committee notes revised.
2005 Revision: Changes in subdivisions (b) and (f) to clarify service requirements, and editorial changes in (e).

Statutory References

§ 731.201, Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
*1184 § 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.705(2), (4), Fla. Stat. Payment of and objection to claims.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.447, Fla. Stat. Petition for authorization to act.

Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.030 Attorneys.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.150(c) Order requiring accounting.
Fla. Prob. R. 5.180(a)(1) Waiver and consent.
Fla. Prob. R. 5.240(a) Notice of administration.
Fla. Prob. R. 5.340(d) Inventory.
Fla. Prob. R. 5.550 Petition to determine incapacity.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. R. Civ. P. 1.080 Service of pleadings and papers.
Fla. R. Jud. Admin. 2.060 Attorneys.
Rule 5.042. Time
(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the period begins to run shall not be included. The last day of the period shall be included unless it is a Saturday, Sunday, or legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, nor legal holiday. When the period is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded. Any day the clerk’s office is closed shall be deemed a legal holiday for purposes of this rule.
(b) Enlargement. When an act is required or allowed to be done at or within a specified time by these rules, by order of court, or by notice given thereunder, for cause shown the court at any time in its discretion
(1) with or without notice may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or
(2) on motion made and notice after the expiration of the specified period may permit the act to be done when failure to act was the result of excusable neglect. The court under this rule may not extend the time for serving a motion for rehearing or to enlarge any period of time governed by the Florida Rules of Appellate Procedure.
(c) Service for Hearings. A copy of any written petition or motion which may not be heard ex parte and a copy of the notice of the hearing thereon shall be served a reasonable time before the time specified for the hearing.
(d) Additional Time After Service by Mail. Except ferwhen serving formal notice and notice of administration, or when serving a motion, pleading, or other paper in the manner provided for service of formal notice, when an interested person has the right or is required to act within a prescribed period after the service of no *1185 tice or other paper on the interested person and the notice or paper is served by mail, 5 days shall be added to the prescribed period.
Committee Notes
This rule is derived from Florida Rule of Civil Procedure 1.090.

Rule History

1984 Revision: New rule.
1988 Revision: Editorial changes in (a) and (b). Subdivision (a) enlarged to include closing of the clerk’s office as a legal holiday. In Clara P. Diamond, Inc. v. Tam-Bay Realty, Inc., 462 So.2d 1168 (Fla. 2d DCA 1984), the Second District Court of Appeal suggested that Florida Rule of Civil Procedure 1.090(b) be clarified to leave no question that the court may not extend the time for rehearing, appeal, or petition for certiorari regardless of whether a request to enlarge the time therefor was made before the expiration of the time allowed. Because the format of rule 5.042(b) was substantially the same as the format of rule 1.090(b), subdivision (b) is amended to conform for the sake of clarity. Committee notes revised.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
2005 Revision: Subdivision (d) amended to clarify exception to mailing rule for service of formal notice and service in the manner provided for service of formal notice. Committee notes revised.

Statutory References

§ 683.01, Fla. Stat. Legal holidays.
§ 731.301, Fla. Stat. Notice.
§ 732.107, Fla. Stat. Escheat.
§ 732.2135, Fla. Stat. Time of election; extensions; withdrawal.
§ 732.402, Fla. Stat. Exempt property.
§ 732.801(5), Fla. Stat. Disclaimer of interests in property pássing by will or intestate succession or under certain powers of appointment.
§ 732.901, Fla. Stat. Production of wills.
§ 733.104, Fla. Stat. Suspension of statutes of limitation in favor of the personal representative.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2121, Fla. Stat. Notice to creditors; filing of claims.
§ 733.701, Fla. Stat. Notifying creditors.
§ 733.702, Fla. Stat. Limitations on presentation of claims.
§ 733.705, Fla. Stat. Payment of and objection to claims.
§ 733.710, Fla. Stat. Limitations on claims against estates.
§ 733.816, Fla. Stat. Disposition of unclaimed property held by personal representatives.

Rule References

Fla. Prob. R. 5.040(a)(1) Notice.
Fla. Prob. R. 5.150 Order requiring accounting.
Fla. Prob. R. 5.240 Notice of administration.
Fla. Prob. R. 5.241 Notice to creditors.
Fla. Prob. R. 5.340(a)B(b) Inventory.
Fla. Prob. R. 5.345 Accountings other than personal representatives’ final ac-countings.
Fla. Prob. R. 5.395 Notice of federal estate tax return.
Fla. Prob. R. 5.400 Distribution and discharge.
*1186 Fla. Prob. R. 5.700 Objection to guardianship reports.
Fla. R. Civ. P. 1.090 Time.
Rule 5.240. Notice of Administration
(a) Service. The personal representative shall promptly serve a copy of the notice of administration on the following persons who are known to the personal representative and who were not previously served under section 733.2123, Florida Statutes:
(1) the decedent’s surviving spouse;
(2) all beneficiaries;
(3) a trustee of any trust described in section 733.707(3), Florida Statutes and each beneficiary of the trust as defined in section 737.303(4)(b), if each trustee is also a personal representative of the estate; and
(4) persons who may be entitled to exempt property
in the manner provided for service of formal notice. The personal representative may similarly serve a copy of the notice on any devisee under a-known another will or heirs or others who claim or may claim an interest in the estate.
(b) Contents. The notice shall state:
(1) the name of the decedent, the file number of the estate, the designation and address of the court in which the proceedings are pending, whether the estate is testate or intestate, and, if testate, the date of the will and any codicils;
(2) the name and address of the personal representative and of the personal representative’s attorney;
(3) that any interested person on whom the notice is served who challenges the validity of the will, the qualifications of the personal representative, venue, or jurisdiction of the court is required to file any objections with the court in the manner provided in the Florida Probate Rules within the time required by law or those objections are forever barred; and
(4) that any person entitled to exempt property is required to file a petition for determination of exempt property within the time provided by law or the right to exempt property is deemed waived; and
(5) that a surviving spouse seeking an elective share must file an election to take elective share within the time provided by law.
(c) Copy of Will. Unless the court directs otherwise, the personal representative of a testate estate shall, upon written request, furnish a copy of the will and all codicils admitted to probate to any person on whom the notice of administration was served.
(d) Objections. Objections to the validity of the will shall follow the form and procedure set forth in these rules pertaining to revocation of probate. Objections to the qualifications of the personal representative shall follow the form and procedure set forth in these rules pertaining to removal of a personal representative. Objections to the venue or jurisdiction of the court shall follow the form and procedure set forth in the Florida Rules of Civil Procedure.
Committee Notes

Buie History

1977 Revision: Former subdivision (e) is deleted as being substantive rather than procedural.
1984 Revision: Editorial changes; new requirement to file proof of publication; new requirements as to form of objections to will and qualifications of personal representative. Committee notes revised.
1988 Revision: The obligation to mail notice of administration to all known or reasonably ascertainable creditors has *1187 been added to comply with the dictates of Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).
This rule does not require sending notice of administration to creditors in estates where the time for filing claims has expired before the effective date of this rule. However, no opinion is offered whether such claims are barred by the provisions of section 733.702, Florida Statutes.
Committee notes revised. Citation form changes in committee notes.
1991 Revision: Subdivision (a) modified to make it consistent with recent changes to sections 733.212 and 733.702, Florida Statutes. Those statutes were amended to comply with the dictates of Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). For the same reason, subdivision (e) was eliminated.
1992 Revision: Former subdivision (e) revised and reinstated to emphasize need for personal representative to determine all known or reasonably ascertainable creditors. Editorial changes; committee notes revised; citation form changes in committee notes.
1996 Revision: Subdivision (a) amended to require service of notice of administration on trustees of certain revocable trusts as defined by Florida statute. Editorial changes.
2002 Revision: Procedures for notifying creditors are now governed by new rule 5.241. Committee notes revised.
2003 Revision: Change in title of (a) to reflect elimination of publication of notice. Committee notes revised.
2005 Revision: Subdivision (a)(3) amended to make it consistent with 2003 change to section 733.212(l)(c), Florida Statutes, regarding when service on trust beneficiaries is required, and clarifying editorial change made in (a). New subdivision (b)(5) added regarding notice to file election to take elective share. Committee notes revised.

Statutory References

§ 731.201(21), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 731.302, Fla. Stat. Waiver and consent by interested person.
§ 732.2135, Fla. Stat. Time of election; extensions; withdrawal.
§ 732.5165, Fla. Stat. Effect of fraud, duress, mistake, and undue influence.
§ 733.101, Fla. Stat. Venue of probate proceedings.
§ 733.109, Fla. Stat. Revocation of probate.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.302, Fla. Stat. Who may be appointed personal representative.
§ 733.303, Fla. Stat. Persons not qualified.
§ 733.305, Fla. Stat. Trust companies and other corporations and associations.
§ 733.504, Fla. Stat. Removal of personal representative; causes for removal.
§ 733.506, Fla. Stat. Proceedings for removal.

Rule References

Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.050 Transfer of proceedings.
Fla. Prob. R. 5.180 Waiver and consent.
*1188 Fla. Prob. R. 5.270 Revocation of probate.
Fla. Prob. R. 5.440 Proceedings for removal.
Fla. R. Civ. P. 1.060 Transfers of actions.
Rule 5.241. Notice to Creditors
(a) Publication and Service. After-issuance of lettersUnless creditors’ claims are otherwise barred by law, the personal representative shall promptly publish a notice to creditors and serve a copy of the notice, in the manner-prevideci-Tor informal notice, on all creditors of the decedent who are reasonably ascertainable and, if required by law, on the Agency for Health Care Administration. Service of the notice shall be either in the manner provided for informal notice, or in the manner provided for service of formal notice at the option of the personal representative. Service on one creditor by a chosen method shall not preclude service on another creditor by another method.
(b) Contents. The notice to creditors shall contain the name of the decedent, the file number of the estate, the designation and address of the court, the name and address of the personal representative and of the personal representative’s attorney, and the date of first publication of the notice to creditors. The notice shall require all creditors to file all claims against the estate with the court, within the time provided by law.
(c) Method of Publication and Proof. Publication shall be made as required by law. The personal representative shall file proof of publication with the court within 45 days after the date of first publication of the notice to creditors.
(d) Statement Regarding Creditors. Within 4 months after the date of the first publication of notice to creditors, the personal representative shall file a verified statement that diligent search has been made to ascertain the name and address of each person having a claim against the estate. The statement shall indicate the name and address of each person at that time known to the personal representative who has or may have a claim against the estate and whether such person was served with the notice to creditors or otherwise received actual notice of the information contained in the notice to creditors; provided that the statement need not include persons who have filed a timely claim or who were included in the personal representative’s proof of claim.
Committee Notes
It is the committee’s opinion that the failure to timely file the proof of publication of the notice to creditors shall not affect time limitations for filing claims or objections.
On April 19, 1988, the United States Supreme Court decided Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565. This case substantially impacted the method for handling (and barring) creditors’ claims. This case stands for the proposition that a creditor may not be barred by the usual publication if that creditor was actually known to or reasonably ascertainable by the personal representative, and the personal representative failed to give notice to the creditor by mail or other means as certain to ensure actual notice. Less than actual notice in these circumstances would deprive the creditor of due process rights under the 14th Amendment to the U.S. Constitution. Probably actual notice of the death (as in the case of a hospital where the decedent died as a patient) without notice of the institution of probate proceedings is not sufficient.
An elementary and fundamental requirement of due process in any proceeding *1189 which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested persons of the pendency of the proceeding and afford them an opportunity to present their claims.
The steps to be taken by a personal representative in conducting a diligent search for creditors depends, in large measure, on how familiar the personal representative is with the decedent’s affairs. Therefore, the committee believes it is inappropriate to list particular steps to be taken in each estate, since the circumstances will vary from case to case.
The statement required by this rule is not intended to be jurisdictional but rather to provide evidence of satisfaction (or lack thereof) of the due process requirements.

Rule History

2002 Revision: New rule to implement procedures consistent with new section 733.2121, Florida Statutes.
2003 Revision: Committee notes revised.
2005 Revision: Subdivision (a) amended to clarify approved methods of service on creditors. Committee notes revised.
Statutory References
ch. 50, Fla. Stat. Legal and official advertisements.
§ 731.301, Fla. Stat. Notice.
§ 733.2121, Fla. Stat. Notice to creditors; filing of claims.
§ 733.702, Fla. Stat. Limitations on presentation of claims.
§ 733.703, Fla. Stat. Form and manner of presenting claim.
§ 733.704, Fla. Stat. Amendment of claims.
§ 733.705, Fla. Stat. Payment of and objection to claims.
§ 733.708, Fla. Stat. Compromise.

Rule Reference

Fla. Prob. R. 5.490 Form and manner of presenting claim.
Rule 5.270. Revocation of Probate
(a) Petition and Contents. A petition for revocation of probate shall state the interest of the petitioner in the estate and the facts constituting the grounds on which revocation is demanded.
(b) Continued Administration. Pending the determination of any issue for revocation of probate, the personal representative shall proceed with the administration of the estate as if no revocation proceeding had been commenced, except that no distribution may be made to devi-sees beneficiaries in contravention of the rights of those who, but for the will, would be entitled to the property disposed of.
Committee Notes
This rule represents a rule implementation of the procedure found in section 733.109(2), Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure. The committee believes that subsections (1) and (3) of the statute are substantive, and have therefore not been included. Further, this rule revises subdivision (b) of the prior similar rule to track the language in the statute from which it was derived.

Rule History

1984 Revision: Extensive changes. Committee notes revised.
1988 Revision: Language of subdivision (b) of the rule rewritten to track the statute more closely. Committee notes expanded. Citation form change in committee notes.
*1190 1992 Revision: Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
2005 Revision: “Beneficiaries” substituted for “devisees” in subdivision (b) to conform language to section 733.109(2), Florida Statutes.

Statutory References

§ 731.201(21), Fla. Stat. General definitions.
§ 732.5165, Fla. Stat. Effect of fraud, duress, mistake, and undue influence.
§ 733.109, Fla. Stat. Revocation of probate.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.

Rule References

Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.240 Notice of administration.
Rule 5.345. Accountings Other Than Personal Representatives’ Final Ac-countings
(a) Applicability and Accounting Periods. This rule applies to the interim accounting of any fiduciary of a probate estate, the accounting of a personal representative who has resigned or been removed, and the accounting of a curator upon the appointment of a successor fiduciary. The fiduciary may elect to file an interim accounting at any time, or the court may require an interim or supplemental accounting. The ending date of the accounting period for any accounting to which this rule applies shall be as follows:
(1) For an interim accounting, any date selected by the fiduciary, including a fiscal or calendar year, or as may be determined by the court.
(2) For the accounting of a personal representative who has resigned or has been removed, the date the personal representative’s letters are revoked.
(3) For a curator who has been replaced by a successor fiduciary, the date of appointment of the successor fiduciary.
(b) Notice of Filing. Notice of filing and a copy of any accounting to which this rule applies shall be served on all interested persons. The notice shall state that objections to the accounting must be filed within 30 days from the date of service of notice.
(c) Objection. Any interested person may file an objection to any accounting to which this rule applies within 30 days from the date of service of notice on that person. Any objection not filed within 30 days from the date of service shall be deemed abandoned. An objection shall be in writing and shall state with particularity the item or items to which the objection is directed and the grounds upon which the objection is based.
(d) Service of Objections. The objecting party shall serve a copy of the objection on the fiduciary filing the accounting and other interested persons.
(e) Disposition of Objections and Approval of Accountings. The court shall sustain or overrule any objection filed as provided in this rule. If no objection is filed, any accounting to which this rule applies shall be deemed approved 30 days from the date of service of the accounting-on interested persons.
(f) Substantiating Papers. On reasonable written request, the fiduciary shall permit an interested person to examine *1191 papers substantiating items in any accounting to which this rule applies.
(g) Supplemental Accountings. The court, on its own motion or on that of any interested person, may require a fiduciary who has been replaced by a successor fiduciary to file a supplemental accounting, the beginning date of which shall be the ending date of the accounting as specified in subdivision (a) of this rule and the ending date of which is the date of delivery of all of the estate’s property to the successor fiduciary, or such other date as the court may order.
(h) Verification. All accountings shall be verified by the fiduciary filing the accounting.
Committee Notes
The personal representative is required to file a final accounting when administration is complete, unless filing is waived by interested persons. Additionally, a fiduciary of a probate estate may elect, but is not required, to file interim accountings at any time. An accounting is required for resigning or removed fiduciaries. The filing, notice, objection, and approval procedure is similar to that for final accounts.

Rule History

1977 Revision: Change in (a) to authorize selection of fiscal year.
1980 Revision: Change in (d) of prior rule to require the notice to state that the basis for an objection is necessary. Change in (e) of prior rule to require any person filing an objection to set forth the basis of such objection.
1984 Revision: Extensive changes. Committee notes revised.
1988 Revision: Citation form change in committee notes.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Implements procedures for interim accountings and accountings by resigning or removed fiduciaries. Committee notes revised.
2003 Revision: Committee notes revised.
2005 Revision: Verification requirement added as new (h). Committee notes revised.

Statutory References

§ 733.3101, Fla. Stat. Personal representative not qualified.
§ 733.501, Fla. Stat. Curators.
§ 733.5035, Fla. Stat. Surrender of assets after resignation.
§ 733.5036, Fla. Stat. Accounting and discharge following resignation.
§ 733.508, Fla. Stat. Accounting and discharge of removed personal representatives upon removal.
§ 733.509, Fla. Stat. Surrender of assets upon removal.
ch. 738, Fla. Stat. Principal and income. Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.122 Curators.
Fla. Prob. R. 5.150 Order requiring accounting.
Fla. Prob. R. 5.330 Execution by personal representative.
Fla. Prob. R. 5.346 Fiduciary accounting.
Fla. Prob. R. 5.430 Resignation of personal representative.
Fla. Prob. R. 5.440 Proceedings for removal.
Rule 5.346. Fiduciary Accounting
(a) Contents. A fiduciary accounting shall include:
*1192 (1) all cash and property transactions since the date of the last accounting or, if none, from the commencement of administration, and
(2) a schedule of assets at the end of the accounting period.
(b) Accounting Standards. The following standards are required for the accounting of all transactions occurring on or after January 1,1994:
(1) Accountings shall be stated in a manner that is understandable to persons who are not familiar with practices and terminology peculiar to the administration of estates and trusts.
(2) The accounting shall begin with a concise summary of its purpose and content.
(3) The accounting shall contain sufficient information to put interested persons on notice as to all significant transactions affecting administration during the accounting period.
(4) The accounting shall contain 2 values in the schedule of assets at the end of the accounting period, the asset acquisition value or carrying value, and estimated current value.
(5) Gains and losses incurred during the accounting period shall be shown separately in the same schedule.
(6) The accounting shall show significant transactions that do not affect the amount for which the fiduciary is accountable.
(c) Accounting Format. A model format for an accounting is attached to this rule as Appendix A.
(d) Verification. All accountings shall be verified by the fiduciary filing the accounting.
Committee Notes
This rule substantially adopts the Uniform Fiduciary Accounting Principles and Model Formats adopted by the Committee on National Fiduciary Accounting Standards of the American Bar Association: Section of Real Property, Probate and Trust Law, the American College of Probate Counsel, the American Bankers Association: Trust Division, and other organizations.
Accountings shall also comply with the Florida principal and income law, chapter 738, Florida Statutes.
Attached as Appendix B to this rule are an explanation and commentary for each of the foregoing standards, which shall be considered as a Committee Note to this rule.
Accountings that substantially conform to the model formats are acceptable. The model accounting format included in Appendix A is only a suggested form.
Rule 5.180(a)(1)(F) allows a waiver to the requirement that principal and interest be separately accounted for.

Rule History

1988 Revision: New rule.
1992 Revision: Editorial changes throughout. Rule changed to require compliance with the Uniform Fiduciary Accounting Principles and Model Formats for accounting of all transactions occurring on or after January 1, 1994. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Committee notes revised.
1999 Revision: Committee notes revised to correct rule reference and to reflect formatting changes in accounting formats.
*1193 2002 Revision: Subdivisions (a) and (b) amended to clarify contents of accounting. Committee notes revised.
2003 Revision: Committee notes revised.
2005 Revision: Verification requirement added as new (d). Committee notes revised.

Statutory References

§ 733.501, Fla. Stat. Curators.
§ 733.5036, Fla. Stat. Accounting and discharge following resignation.
§ 733.508, Fla. Stat. Accounting and discharge of removed personal representatives upon removal.
§ 733.602(1), Fla. Stat. General duties.
§ 733.612(18), Fla. Stat. Transactions authorized for the personal representative; exceptions.
§ 737.3035, Fla. Stat. Trust accountings.
Cch. 738, Fla. Stat. Principal and income.

Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.122 Curators.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.330 Execution by personal representative.
Fla. Prob. R. 5.345 Accountings other than personal representatives’ final ac-countings.
Fla. Prob. R. 5.400 Distribution and discharge.
Fla. Prob. R. 5.430 Resignation of personal representative.
Fla. Prob. R. 5.440 Proceedings for removal.
APPENDIX A
[[Image here]]
The purpose of this accounting is to acquaint all interested persons with the transactions that have occurred during the period covered by the accounting and the assets that remain on hand. It consists of a SUMMARY sheet and Schedule A showing all Receipts, Schedule B showing all Disbursements, Schedule C showing all Distributions, Schedule D showing all Capital Transactions and Adjustments (the effect of which are also reflected in other schedules, if appropriate), and Schedule E showing assets on hand at the end of the accounting period.
It is important that this accounting be carefully examined. Requests for additional information and any questions should be addressed to the personal representative^) or the attorneys for the personal representative(s), the names and addresses of whom are set forth below.
Under penalties of perjury, the undersigned personal representative(s) declare(s) that I (we) have read and examined this accounting and that the facts and figures set forth in the Summary and the attached Schedules are true, to the best of my (our) knowledge and belief, and that it is a complete report of all cash and property transactions and of all receipts and disbursements by me (us) as personal representative(s) of the estate of-deceased, from_,_through-,-
*1194 [[Image here]]
Note: Refer to Fla. Prob. R. 5.330(b), 5.345, 5.346, and 5.400.
Also see Accountings, Chapter 12 of Practice Under Florida Probate Code, 2002.
Entries on Summary are to be taken from totals on Schedules A, B, C, and D.
The Summary and Schedules A, B, C, D and E are to constitute the full accounting. Every transaction occurring during the accounting period should be reflected on the Schedules.
*1195 All purchases and sales, all adjustments to the inventory or carrying value of any asset, and any other changes in the assets (such as stock splits) should be described on Schedule D.
The amount in the “Total” column for Item VI must agree with the total inventory or adjusted carrying value of all assets on hand at the close of the accounting period on Schedule E.
[[Image here]]
Note: Schedule A should reflect only those items received during administration that are not shown on the inventory. Classification of items as income or principal is to be in accordance with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.
Entries involving the sale of assets or other adjustments to the carrying values of assets are to be shown on Schedule D, and not on Schedule A.
[[Image here]]
Note: Schedule B should reflect only those items paid out during the accounting period. Classification of disbursements as income or principal is to be in accordance with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.
Entries involving the purchase of assets or adjustments to the carrying values of assets are to be shown on Schedule D, and not on Schedule B.
*1196 [[Image here]]
Note: Schedule C should reflect only those items or amounts distributed to beneficiaries during the accounting period. Assets distributed should be shown at them inventory or adjusted carrying values. Classification of distributions as income or principal is to be in accordance with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.
Entries involving adjustments to the carrying values of assets are to be shown on Schedule D, and not on Schedule C.
[[Image here]]
TOTAL NET GAINS AND LOSSES
NET GAIN OR (LOSS)
*1197 Note: Schedule D should reflect all purchases and sales of assets and any adjustments to the carrying values of any assets.
Entries reflecting sales should show the inventory or adjusted carrying values, the costs and expenses of the sale, and the net proceeds received. The net gain or loss should be extended in the appropriate column on the right side of Schedule D.
Entries reflecting purchases should reflect the purchase price, any expenses of purchase or other adjustments to the purchase price, and the total amount paid. Presumably no gain or loss would be shown for purchases.
Entries reflecting adjustments in capital assets should explain the change (such as a stock split) and the net gain or loss should be shown in the appropriate column on the right side of Schedule D.
The NET gain or loss should be entered in the Principal column of the Summary.
[[Image here]]
OTHER ASSETS TOTAL $ $
CASH: $
CASH TOTAL $
TOTAL ASSETS (must agree with the Total for Item VI on Summary)
Note: Schedule E should be a complete list of all assets on hand reflecting inventory values for each item, adjusted in accord with any appropriate entries on Schedule D.
Current market values for any assets that are known to be different from the inventory or carrying values as of the close of the accounting period should be shown in the column marked “Current Value.” The total inventory or adjusted carrying value (not Current Value) must agree with the Total for Item VI on Summary.
*1198 APPENDIX B
UNIFORM FIDUCIARY ACCOUNTING PRINCIPLES
I. ACCOUNTS SHOULD BE STATED IN A MANNER THAT IS UNDERSTANDABLE BY PERSONS WHO ARE NOT FAMILIAR WITH PRACTICES AND TERMINOLOGY PECULIAR TO THE ADMINISTRATION OF ESTATES AND TRUSTS.
Commentary: In order for an account to fulfill its basic function of communication, it is essential that it be stated in a manner that recognizes that the interested parties are not usually familiar with fiduciary accounts. It is neither practical nor desirable to require that accounts be tailored to meet individual disabilities of particular parties but any account should be capable of being understood by a person of average intelligence, literate in English, and familiar with basic financial terms who has read it with care and attention.
Problems arising from terminology or style are usually a reflection of the fact that people who become versed in a particular form of practice tend to forget that terms which are familiar and useful to them may convey nothing to someone else or may even be affirmatively misleading. For example, the terms “debit” and “credit” are generally incomprehensible to people with no knowledge of bookkeeping and many people who are familiar with them in other contexts would assume that in the context of fiduciary accounting, the receipt of an item is a “credit” to the fund rather than a “debit” to the fiduciary.
While the need for concise presentation makes a certain amount of abbreviation both acceptable and necessary, uncommon abbreviation of matters essential to an understanding of the account should be avoided or explained.
No position is taken for or against the use of direct print-outs from machine accounting systems. The quality of the accounts produced by these systems varies widely in the extent to which they can be understood by persons who are not familiar with them. To endorse or object to a direct print-out because it is produced by machine from previously stored data would miss the essential point by focusing attention upon the manner of preparation rather than the product.
II. A FIDUCIARY ACCOUNT SHALL BEGIN WITH A CONCISE SUMMARY OF ITS PURPOSE AND CONTENT.
Commentary: Very few people can be expected to pay much attention to a document unless they have some understanding of its general purpose and its significance to them. Even with such an understanding, impressions derived from the first page or two will often determine whether the rest is read. The use that is made of these pages is therefore of particular significance.
The cover page should disclose the nature and function of the account. While a complete explanation of the significance of the account and the effect of its presentation upon the rights of the parties is obviously impractical for inclusion at this point, there should be at least a brief statement identifying the fiduciary and the subject matter, noting the importance of examining the account and giving an address where more information can be obtained.
It is assumed that the parties would also have enough information from other sources to understand the nature of their relationship to the fund (e.g., residuary legatee, life tenant, remainderman), the function of the account, and the obligation of the fiduciary to supply further relevant *1199 information upon request. It is also assumed that notice will be given of any significant procedural considerations such as limitation on the time within which objections must be presented. This would normally be provided by prior or contemporaneous memoranda, correspondence, or discussions.
A summary of the account shall also be presented at the outset. This summary, organized as a table of contents, shall indicate the order of the details presented in the account and shall show separate totals for the aggregate of the assets on hand at the beginning of the accounting period; transactions during the period; and the assets remaining on hand at the end of the period. Each entry in the summary shall be supported by a schedule in the account that provides the details on which the summary is based.
III. A FIDUCIARY ACCOUNT SHALL CONTAIN SUFFICIENT INFORMATION TO PUT THE INTERESTED PARTIES ON NOTICE AS TO ALL SIGNIFICANT TRANSACTIONS AFFECTING ADMINISTRATION DURING THE ACCOUNTING PERIOD.
Commentary: The presentation of the information account shall allow an interested party to follow the progress of the fiduciary’s administration of assets during the accounting period.
An account is not complete if it does not itemize, or make reference to, assets on hand at the beginning of the accounting period.
Illustration:
3.1The first account for a decedent’s estate or a trust may detail the items received by the fiduciary and for which the fiduciary is responsible. It may refer to the total amount of an inventory filed elsewhere or assets described in a schedule attached to a trust agreement.
Instead of retyping the complete list of assets in the opening balance, the preparer may prefer to attach as an exhibit a copy of the inventory, closing balance from the last account, etc., as appropriate, or may refer to them if previously provided to the interested parties who will receive it.
Transactions shall be described in sufficient detail to give interested parties notice of their purpose and effect. It should be recognized that too much detail may be counterproductive to making the account understandable. In accounts covering long periods or dealing with extensive assets, it is usually desirable to consolidate information. For instance, where income from a number of securities is being accounted for over a long period of time, a statement of the total dividends received on each security with appropriate indication of changes in the number of shares held will be more readily understandable and easier to check for completeness than a chronological listing of all dividends received.
Although detail should generally be avoided for routine transactions, it will often be necessary to proper understanding of an event that is somewhat out of the ordinary.
Illustrations:
3.2 Extraordinary appraisal costs should be shown separately and explained.
3.3 Interest and penalties in connection with late filing of tax returns should be shown separately and explained.
3.4 An extraordinary allocation between principal and income such as apportionment of proceeds of property acquired on foreclosure should be separately stated and explained.
*1200 3.5 Computation of a formula marital deduction gift involving non-probate assets should be explained.
IV. A FIDUCIARY ACCOUNT SHALL CONTAIN TWO VALUES, THE ASSET ACQUISITION VALUE OR CARRYING VALUE, AND CURRENT VALUE.
Commentary: In order for transactions to be reported on a consistent basis, an appropriate carrying value for assets must be chosen and employed consistently.
The carrying value of an asset should reflect its value at the time it is acquired by the fiduciary (or a predecessor fiduciary). When such a value is not precisely determinable, the figure used should reflect a thoughtful decision by the fiduciary. For assets owned by a decedent, inventory values or estate tax values — generally reflective of date of death — would be appropriate. Assets received in kind by a trustee from a settlor of an inter vivos trust should be carried at their value at the time of receipt. For assets purchased during the administration of the fund, cost would normally be used. Use of Federal income tax basis for carrying value is acceptable when basis is reasonably representative of real values at the time of acquisition. Use of tax basis as a carrying value under other circumstances could be affirmatively misleading to beneficiaries and therefore is not appropriate.
In the Model Account, carrying value is referred to as “fiduciary acquisition value.” The Model Account establishes the initial carrying value of assets as their value at date of death for inventoried assets, date of receipt for subsequent receipts, and cost for investments.
Carrying value would not normally be adjusted for depreciation.
Except for adjustments that occur normally under the accounting system in use, carrying values should generally be continued unchanged through successive accounts and assets should not be arbitrarily “written up” or “written down.” In some circumstances, however, with proper disclosure and explanation, carrying value may be adjusted.
Illustrations:
4.1 Carrying values based on date of death may be adjusted to reflect changes on audit of estate or inheritance tax returns.
4.2 Where appropriate under applicable local law, a successor fiduciary may adjust the carrying value of assets to reflect values at the start of that fiduciary’s administration.
4.3 Assets received in kind in satisfaction of a pecuniary legacy should be carried at the value used for purposes of distribution.
Though essential for accounting purposes, carrying values are commonly misunderstood by laypersons as being a representation of actual values. To avoid this, the account should include both current values and carrying values.
The value of assets at the beginning and ending of each accounting period is necessary information for the evaluation of investment performance. Therefore, the account should show, or make reference to, current values at the start of the period for all assets whose carrying values were established in a prior accounting period.
Illustrations:
4.4 The opening balance of the first account of a testamentary trastee will usually contain assets received in kind from the executor. Unless the carrying value was written up at the time of distribution (e.g., 4.2 or 4.3 supra) these assets will be *1201 carried at a value established during the executor’s administration. The current value at the beginning of the accounting period should also be shown.
4.5 An executor’s first account will normally carry assets at inventory (date of death) values or costs. No separate listing of current values at the beginning of the accounting period is necessary.
Current values should also be shown for all assets on hand at the close of the accounting period. The date on which current values are determined shall be stated and shall be the last day of the accounting period, or a date as close thereto as reasonably possible.
Current values should be shown in a column parallel to the column of carrying values. Both columns should be totalled.
In determining current values for assets for which there is no readily ascertainable current value, the source of the value stated in the account shall be explained. The fiduciary shall make a good faith effort to determine realistic values but should not be expected to incur expenses for appraisals or similar costs when there is no reason to expect that the resulting information will be of practical consequence to the administration of the estate or the protection of the interests of the parties.
Illustrations:
4.6 When an asset is held under circumstances that make it clear that it will not be sold (e.g., a residence held for use of a beneficiary) the fiduciary’s estimate of value would be acceptable in lieu of an appraisal.
4.7 Considerations such as a pending tax audit or offer of the property for sale may indicate the advisability of not publishing the fiduciary’s best estimate of value. In such circumstances, a statement that value was fixed by some method such as “per company books,” “formula under buy-sell agreement,” or “300% of assessed value” would be acceptable, but the fiduciary would be expected to provide further information to interested parties upon request.
V. GAINS AND LOSSES INCURRED DURING THE ACCOUNTING PERIOD SHALL BE SHOWN SEPARATELY IN THE SAME SCHEDULE.
Commentary: Each transaction involving the sale or other disposition of securities during the accounting period shall be shown as a separate item in one combined schedule of the account indicating the transaction, date, explanation, and any gain or loss.
Although gains and losses from the sale of securities can be shown separately in accounts, the preferred method of presentation is to present this information in a single schedule. Such a presentation provides the most meaningful description of investment performance and will tend to clarify relationships between gains and losses that are deliberately realized at the same time.
VI. THE ACCOUNT SHALL SHOW SIGNIFICANT TRANSACTIONS THAT DO NOT AFFECT THE AMOUNT FOR WHICH THE FIDUCIARY IS ACCOUNTABLE.
Commentary: Transactions such as the purchase of an investment, receipt of a stock split, or change of a corporate name do not alter the total fund for which a fiduciary is accountable but must be shown in order to permit analysis and an understanding of the administration of the fund. These can be best shown in information schedules.
One schedule should list all investments made during the accounting period. It *1202 should include those subsequently sold as well as those still on hand. Frequently the same money will be used for a series of investments. Therefore, the schedule should not be totalled in order to avoid giving an exaggerated idea of the size of the fund.
A second schedule (entitled “Changes in Investment Holdings” in the Model Account) should show all transactions affecting a particular security holding, such as purchase of additional shares, partial sales, stock splits, change of corporate name, divestment distributions, etc. This schedule, similar to a ledger account for each holding, will reconcile opening and closing entries for particular holdings, explain changes in carrying value, and avoid extensive searches through the account for information scattered among other schedules.
Rule 5.360. Elective Share
(a) Election. An election to take the elective share may be filed by the surviving spouse, or on behalf of the surviving spouse by an attorney-in-fact or guardian of the property of the surviving spouse.
(1) Election by Surviving Spouse. An electing surviving spouse shall file the election within the time required by law and promptly serve a copy of the election on the personal representative in the manner provided for service of formal notice.
(2) Election by Attomey-in-Fact or Guardian of the Property of Surviving Spouse.
(A)Petition for Approval. Before filing the election, the attorney-in-fact or guardian of the property of the surviving spouse shall petition the court having jurisdiction of the probate proceeding for approval to make the election. The petition for approval shall allege the authority to act on behalf of the surviving spouse and facts supporting the election.
(B) Notice of Petition. Upon receipt of the petition, the personal representative shall promptly serve a copy of the petition by formal notice on all interested persons.
(C) Filing the Election. Upon entry of an order authorizing the filing of an election, the attorney-in-fact or guardian of the property shall file the election within the later of the time provided by law or 30 days from service of the order and promptly serve a copy of the election on the personal representative in the manner provided for service of formal notice.
(b) Procedure for Election.
(1) Extension. Within the period provided by law to make the election, the surviving spouse or an attorney-in-fact or guardian of the property of the surviving spouse may petition the court for an extension of time for making an election or for approval to make the election. After notice and hearing the court for good cause shown may extend the time for election. If the court grants the petition for an extension, the election must be filed within the time allowed by the extension.
(2) Withdrawal of Election. The surviving spouse, an attorney-in-fact, a guardian of the property of the surviving spouse, or the personal representative of the surviving spouse’s estate may withdraw the election within the time provided by law.
(3) Service of Notice- of Election. Upon receipt of an election the personal representative shall promptly' serve a notice of election within 20 days following service of the election, together with a copy of the election, on all interested persons in the manner provided for service of formal notice. The notice of election shall indicate the names and addresses of the attorneys for the surviving spouse and the personal representative and shall state that:
*1203 (A) persons receiving a notice of election may be required to contribute toward the satisfaction of the elective share;
(B) objections to the election must be served within 20 days after service of the copy of the notice of election; and
(C) if no objection to the election is timely served, an order determining the surviving spouse’s entitlement to the elective share may be granted without further notice.
(4) Objection to Election. Within 20 days after service of the notice of election, an interested person may serve an objection to the election which shall state with particularity the grounds on which the objection is based. The objecting party shall serve copies of the objection on the surviving spouse and the personal representative. If an objection is served, the personal representative shall promptly serve a copy of the objection on all other interested persons who have not previously been served with a copy of the objection.
(c) Determination of Entitlement.
(1) No Objection Served. If no objection to the election is timely served, the court shall enter an order determining the spouse’s entitlement to the elective share.
(2) Objection Served. If an objection to the election is timely served, the court shall determine the surviving spouse’s entitlement to the elective share after notice and hearing.
(d) Procedure to Determine Amount of Elective Share and Contribution.
(1) Petition by Personal Representative. After entry of the order determining the surviving spouse’s entitlement to the elective share, the personal representative shall file and serve a petition to determine the amount of the elective share. The petition shall
(A) give the name and address of each direct recipient known to the personal representative;
(B) describe the proposed distribution of assets to satisfy the elective share, and the time and manner of distribution; and
(C) identify those direct recipients, if any, from whom a specified contribution will be required and state the amount of contribution sought from each.
(2) Service of Inventory. The inventory of the elective estate required by rule 5.340 shall be-served, together with the petition, shall be served within 60 days after entry of the order determining entitlement to the elective share on all interested persons in the manner provided for service of formal notice.
(3) Petition by Spouse. If the personal representative does not file the petition to determine the amount of the elective share within 90 days from rendition of the order of entitlement, the electing spouse or the attorney-in-fact or the guardian of the property or personal representative of the electing spouse may file the petition specifying as particularly as is known the value of the elective share.
(4) Objection to Amount of Elective Share. Within 20 days after service of the petition to determine the amount of the elective share, an interested person may serve an objection to the amount of or distribution of assets to satisfy the elective share. The objection shall state with particularity the grounds on which the objection is based. The objecting party shall serve copies of the objection on the surviving spouse and the personal representative. If an objection is served, the personal representative shall promptly serve a copy of the objection on all interested persons who have not previously been served.
(5) Determination of Amount of Elective Share and Contribution.
*1204 (A) No Objection Served. If no objection is timely served to the petition to determine the amount of the elective share, the court shall enter an order on the petition.
(B) Objection Served. If an objection is timely served to the petition to determine the amount of the elective share, the court shall determine the amount of the elective share and contribution after notice and hearing.
(6) Order Determining Amount of Elective Share and Contribution. The order shall:
(A) set forth the amount of the elective share;
(B) identify the assets to be distributed to the surviving spouse in satisfaction of the elective share; and
(C) if contribution is necessary, specify the amount of contribution for which each direct recipient is liable.
(e) Relief from Duty to Enforce Contribution. A petition to relieve the personal representative from the duty to enforce contribution shall state the grounds on which it is based and notice shall be served on interested persons.
Committee Notes
The extensive rewrite of this rule in 2001 is intended to conform it with and provide procedures to accommodate amendments to Florida’s elective share statutes, §§ 732.201 et seq., Fla. Stat. Proceedings to determine entitlement to elective share are not specific adversary proceedings under rule 5.025(a), but may be declared adversary at the option of the party. Proceedings to determine the amount of elective share and contribution are specific adversary proceedings under rule 5.025(a). Requirements for service are intended to be consistent with the requirements for formal notice. Rule 5.040. Service of process may be required to obtain personal jurisdiction over direct recipients who are not otherwise interested persons and who have not voluntarily submitted themselves to the jurisdiction of the court. Rule 5.040(a)(3)(C); ch. 48, Fla. Stat. Process and Service of Process; ch. 49, Fla. Stat., Constructive Service of Process. An inventory of the elective estate should be afforded the same confidentiality as other estate inventories. § 733.604(1) and (2), Fla. Stat. In fulfilling his or her obligations under this rule, a personal representative is not required to make impractical or extended searches for property entering into the elective estate and the identities of direct recipients. Preexisting rights to dower and curtesy formerly addressed in subdivision (e) of this rule are now governed by new rule 5.365.
Counsel’s attention is directed to Fla. Ethics Opinion 76-16, dated April 4, 1977, for guidance regarding the duties of an attorney with respect to spousal rights.

Rule History

1984 Revision: Extensive changes. Clarifies information to be included in a petition for elective share filed by a personal representative and specifies information to be included in an order determining elective share. Committee notes revised and expanded.
1988 Revision: Extensive changes. A new procedure has been added providing for optional service of a notice of election together with a copy of the election and a procedure to expose objections to and determine right to entitlement, separate from the pre-existing procedure of determination of amount and setting aside. Subdivisions (c) and (d) represent rule implementation of procedure in statute. Committee notes revised and expanded. Citation form changes in committee notes.
*1205 1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
2001 Revision: Entire rule rewritten. Committee notes revised.
2003 Revision: Committee notes revised.
2005 Revision: Subdivision (a) amended to require service in the manner of formal notice of the notice of election. Subdivision (b)(3) amended to provide time period for personal representative to service notice of election on interested persons, and title revised. Subdivision (d)(2) amended to provide time limit and service requirement for elective estate inventory and petition for determination of amount of elective share. Committee notes revised.

Statutory References

§ 732.201, Fla. Stat. Right to elective share.
§ 732.2025, Fla. Stat. Definitions.
§ 732.2035, Fla. Stat. Property entering into elective estate.
§ 732.2045, Fla. Stat. Exclusions and overlapping application.
§ 732.2055, Fla. Stat. Valuation of the elective estate.
§ 732.2065, Fla. Stat. Amount of the elective share.
§ 732.2075, Fla. Stat. Sources from which elective share payable; abatement.
§ 732.2085, Fla. Stat. Liability of direct recipients and beneficiaries.
§ 732.2095, Fla. Stat. Valuation of property used to satisfy elective share.
§ 732.2125, Fla. Stat. Right of election; by whom exercisable.
§ 732.2135, Fla. Stat. Time of election; extensions; withdrawal.
§ 732.2145, Fla. Stat. Order of contribution; personal representative’s duty to collect contribution.
§ 733.604, Fla. Stat. Inventory.

Rule References

Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.340 Inventory.
Fla. R.App. P. 9.020(h) Definitions.
Rule 5.400. Distribution and Discharge
(a) Petition for Discharge; Final Accounting. A personal representative who has completed administration except for distribution shall file a final accounting and a petition for discharge including a plan of distribution.
(b) Contents.
The petition for discharge shall contain a statement:
(1) that the personal representative has fully administered the estate;
(2) that all claims which were presented have been paid, settled, or otherwise disposed of;
(3) that the personal representative has paid or made provision for taxes and expenses of administration;
(4) showing the amount of compensation paid or to be paid to the personal representative, attorneys, accountants, appraisers, or other agents employed by the personal representative and the manner of determining that compensation;
(5) showing a plan of distribution which shall include:
(A) a schedule of all prior distributions;
(B) the property remaining in the hands of the personal representative for distribution;
*1206 (C) a schedule describing the proposed distribution of the remaining assets; and
(D) the amount of funds retained by the personal representative to pay expenses that are incurred in the distribution of the remaining assets and termination of the estate administration;
(6) that any objections to the accounting, the compensation paid or proposed to be paid, or the proposed distribution of assets must be filed within 30 days from the date of service of the last of the petition for discharge or final accounting; and also that within 90 days after filing of the objection, a notice of hearing thereon must be served or the objection is abandoned; and
(7) that objections, if any, shall be in writing and shall state with particularity the item or items to which the objection is directed and the grounds on which the objection is based.
(c) Closing Estate; Extension. The final accounting and petition for discharge shall be filed and served on interested persons within 12 months after issuance of letters for estates not required to file a federal estate tax return, otherwise within 12 months from the date the return is due, unless the time is extended by the court for cause shown after notice to interested persons. The petition to extend time shall state the status of the estate and the reason for the extension.
(d) Distribution. The personal representative shall promptly distribute the estate property in accordance with the plan of distribution, unless objections are filed as provided in these rules.
(e) Discharge. On receipt of evidence that the estate has been fully administered and properly distributed, the court shall enter an order discharging the personal representative and releasing the surety on any bond.
(f)Waiver, The — final-accounting, any portion-of the petition for discharge, or the time-for filing objections may be waived by all- interested persons.
Committee Notes
The rule establishes a procedure for giving notice and serving the final accounting, petition for discharge, and plan of distribution to all interested persons prior to distribution and discharge. No distinction is made in plans of distribution which distribute estate property in kind among multiple residual beneficiaries proportionate to their respective interests and those which include equalizing adjustments in cash or property and which do not make prorated distribution. If disclosure of the compensation or disclosure of the manner of determining the compensation in the petition for discharge is to be waived, the form of waiver must conform to rule 5.180(b).

Rule History

1980 Revision: Change in prior (a)(6) to require that an objection set forth the basis on which it is being made.
1984 Revision: This rule has been substantially revised. Portions of the prior rule are now incorporated in rules 5.400 and 5.401. The committee has included the procedure for filing and serving of objections to the final accounting, petition for discharge, plan of distribution, or compensation in rule 5.401.
1988 Revision: Subdivision (b)(1) is deleted to avoid duplication with rule 5.346. Subdivision (c) is amended to add the 12-month time specification of section 733.901(1), Florida Statutes. Committee notes revised. Citation form changes in committee notes.
1992 Revision: Subdivision (b)(5)(D) is added. Editorial changes. Committee notes revised. Citation form changes in committee notes.
*1207 1996 Revision: Addition in (a)(4) of specific attorney fee compensation disclosure requirements found in § 733.6171(9), Florida Statutes, and expanded to cover all compensation. Committee notes revised.
2003 Revision: Committee notes revised.
2005 Revision: Subdivision (f) deleted to avoid duplication with rule 5.180.

Statutory References

§ 731.201(10), (21), Fla. Stat. General definitions.
§ 731.302, Fla. Stat. Waiver and consent by interested person.
§ 733.809, Fla. Stat. Right of retainer.
§ 733.810, Fla. Stat. Distribution in kind; valuation.
§ 733.811, Fla. Stat. Distribution; right or title of distributee.
§ 733.812, Fla. Stat. Improper distribution or payment; liability of distributee or payee.
§ 733.901, Fla. Stat. Final discharge.

Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.330 Execution by personal representative.
Fla. Prob. R. 5.346 Fiduciary accounting.
Fla. Prob. R. 5.401 Objections to petition for discharge or final accounting.
Fla. R. Jud. Admin. 2.085(d)(1)(D) Time standards for trial and appellate courts.
Rule 5.402. Notice of Lien on Protected Homestead
(a) Filing. If the personal representative has recorded a notice of lien on protected homestead, the personal representative shall file a copy of the recorded notice in the probate proceeding.
(b) Contents. The notice of lien shall contain:
(1) the name and address of the personal representative and the personal representative’s attorney;
(2) the legal description of the real property;
(3) to the extent known, the name and address of each person appearing to have an interest in the property; and
(4) a statement that the personal representative has expended or is obligated to expend funds to preserve, maintain, insure, or protect the property and that the lien stands as security for recovery of those expenditures and obligations incurred, including fees and costs.
(c) Service. A copy of the recorded notice of lien shall be served on interested persons in the manner provided for service of formal notice.
Committee Notes

Rule History

2005 Revision: New rule.

Statutory References

§ 733.608, Fla. Stat. General power of the personal representative.

Rule References

Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.403 Proceedings to determine amount of lien on protected homestead.
*1208 Fla. Prob. R. 5.404 Notice of taking possession of protected homestead.
Fla. Prob. R. 5.405 Proceedings to determine protected homestead real proper- &
Rule 5.403. Proceedings to Determine Amount of Lien on Protected Homestead
(a) Petition. A personal representative or interested person may file a petition to determine the amount of any lien on protected homestead.
(b) Contents. The petition shall be verified by the petitioner and shall state:
(1) the name and address of the personal representative and the personal representative’s attorney;
(2) the interest of the petitioner;
(3) the legal description of the real property;
(4) to the extent known, the name and address of each person appearing to have an interest in the property; and
(5) to the extent known, the amounts paid or obligated to be paid by the personal representative to preserve, maintain, insure, or protect the protected homestead, including fees and costs.
(c) Service. The petition shall be served on interested persons by formal notice.
Committee Notes

Rule History

2005 Revision: New rule.

Statutory References

§ 733.608, Fla. Stat. General power of the personal representative.

Rule References

Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.402 Notice of lien on protected homestead.
Fla. Prob. R. 5.404 Notice of taking possession of protected homestead.
Fla. Prob. R. 5.405 Proceedings to determine protected homestead real proper- &
Rule 5.404. Notice of Taking Possession of Protected Homestead
(a) Filing of Notice. If a personal representative takes possession of what appears reasonably to be protected homestead pending a determination of its homestead status, the personal representative shall file a notice of that act.
(b) Contents of Notice. The notice shall contain:
(1) a legal description of the property;
(2) a statement of the limited purpose for preserving, insuring, and protecting it for the heirs or benefieiariesdevisees pending a determination of the homestead status;
(3) the name and address of the personal representative and the personal representative’s attorney;
(4) if known, the location, date, and time the petition to determine homestead status will be heard, and
(5) if the personal representative is in possession when the notice is filed, the date the personal representative took possession.
(c) Service of Notice. The notice shall be served in the manner provided for service of formal notice on interested persons and on any person in actual possession of the property.
Committee Notes

Rule History

2002 Revision: New rule.
2005 Revision: Term “devisees” substituted for “beneficiaries” in subdivision (b)(2) to clarify the status of persons inter *1209 ested in protected homestead. Committee notes revised.

Statutory References

§ 732,401, Fla. Stat. Descent of homestead.
§ 732,4015, Fla. Stat. Devise of homestead.
§ 733.608(2), Fla. Stat. General power of the personal representative.

Rule References

Fla. Prob. R. 5.402 Notice of lien on protected homestead.
Fla. Prob. R. 5.403 Proceedings to determine amount of lien on protected homestead.
Fla. Prob. R. 5.405 Proceedings to determine protected homestead real property.
Rule 5.470. Ancillary Administration
(a) Petition. The petition for ancillary letters shall include an authenticated copy of so much of the domiciliary proceedings as will show:
(1) for a testate estate the will, petition for probate, order admitting the will to probate, and authority of the personal representative; or
(2) for an intestate estate the petition for administration and authority of the personal representative to act.
(b) Notice. Before ancillary letters shall be issued to any person, formal notice shall be given to:
(1) all known persons qualified to act as ancillary personal representative and whose entitlement to preference of appointment is equal to or greater than petitioner’s and who have not waived notice or joined in the petition; and
(2) all domiciliary personal representatives who have not waived notice or joined in the petition.
(c)Probate of Will. On filing the authenticated copy of a will, the court shall determine whether the will complies with Florida law to entitle it to probate. If it does comply, the court shall admit the will to probate.
Committee Notes

Rule History

1975 Revision: The rule sets out the procedural requirements for issuance of ancillary letters.
1984 Revision: Editorial changes with addition of notice requirement in (b). Committee notes revised.
1988 Revision: Committee notes revised.
1992 Revision: Changed rule to require that notice be given to persons qualified to act as ancillary personal representative whose entitlement to preference of appointment is equal to or greater than petitioner’s and to all domiciliary personal representatives prior to entry of an order admitting the will to probate. Committee notes revised. Citation form changes in committee notes.
1996 Revision: The requirement that a filing of an authenticated copy of a will be a “probated” will is removed from subdivision (c). There may be circumstances in which a will is on deposit or file in a foreign jurisdiction but is not being offered for probate. That should not preclude an ancillary administration in Florida of that estate. This change is not intended to allow an authenticated copy of any document other than an original instrument to be filed under this rule and considered for probate.
2003 Revision: Committee notes revised.
2005 Revision: Committee notes revised.

*1210
Statutory References

§ 731.201(1), Fla. Stat. General definitions.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2121, Fla. Stat. Notice to creditors; filing of claims.
§ 734.102, Fla. Stat. Ancillary administration.
§ 734.1025, Fla. Stat. Nonresident decedent’s testate estate with property not exceeding $50,000 in this state; determination of claims.

Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.065(b) Notice of civil action or ancillary administration.
Fla. Prob. R. 5.205(a)(2) Filing evidence of death.
Fla. Prob. R. 5.215 Authenticated copy of will.
Fla. Prob. R. 5.240 Notice of administration.
Fla. Prob. R. 5.241 Notice to creditors.
Fla. Prob. R. 5.475 Ancillary administration, short form.
Fed.R.Civ.P. 44(a) Proof of official record.
Rule 5.475. Ancillary Administration, Short Form
(a)Filing Requirements. AnThe foreign personal representative of a testate estate whichthat meets the requirements of section 734.1025, Florida Statutes, may file with the clerk in the county where any property is located? an authenticated copy of so much of the transcript of the domicil-iaryforeign proceedings as will show:
(1) in-a-testate estate, the probated will and all probated codicils of the decedent;
(2) the order admitting them to probate;
(3) the letters or their equivalent; and
(4) the part of the record showing the names of the devisees and heirsbeneficiar-ies of the deeedentestate or an affidavit of the domiciliaryforeign personal representative reciting that the names are not shown or not fully disclosed by the domicil-iaryforeign record and specifying the names.
On presentation of the foregoing, the court shall admit the will and any codicils to probate if they comply with section 732.502(1) or section 732.502(2), Florida Statutes*
(-2) in an intestate estate, the petition for administration; order appointing personal representative; and an authenticated copy of-letters of administration,-or their equivalent, with the part of the record showing ■the-names of the heirs of -the decedent or an — affidavit of the domiciliary' personal representative supplying the — names, as provided-in subdivision'(I)- On presentation-of the foregoing, the court shall order them recorded.
(b) Notice to Creditors. After complying with the foregoing requirements, the domiciliaryforeign personal representative shallmay cause a notice to creditors to be published as required by these rules.
(c) Claims Procedure. The procedure for filing or barring claims and objecting to them and for suing on them shall be the same as for other estates, except as provided in this rule.
(d) Order. If no claims are filed against the estate within the time allowed, the court shall enter an order adjudging that notice to creditors has been duly published *1211 and proof thereof filed and that no claims have been filed against the estate or that all claims have been satisfied.
(e) Notification of Claims Filed. If any claim is filed against the estate within the time allowed, the courtclerk shall send to the domicilianyforeign personal representative a copy of the claim and a notice setting a date for a hearing to appoint an ancillary personal representative. At the hearing, the court shall appoint an ancillary personal representative according to the preferences as provided by law.
(f) Objections to Claims. If an ancillary personal representative is appointed pursuant to this rule, the procedure for filing, objecting to, and suing on claims shall be the same as for other estates, except that the ancillary personal representative appointed shall have not fewer-less than-30 days from the date of appointment within which to object to any claim filed.
Committee Notes
This rule represents a rule implementation of the procedure found in section 734.1025, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.

Rule History

1988 Revision: New rule.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
2005 Revision: Deletion of reference to intestate estates in subdivision (a) to conform to 2001 amendments to section 734.1025, Florida Statutes. Editorial changes throughout.

Statutory References

§ 733.2121, Fla. Stat. Notice to creditors; filing of claims.
§ 734.102, Fla. Stat. Ancillary administration.
§ 734.1025, Fla. Stat. Nonresident decedent’s testate estate with property not exceeding $50,000 in this state; determination of claims.

Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.065(b) Notice of civil action or ancillary administration.
Fla. Prob. R. 5.205(a)(2) Filing evidence of death.
Fla. Prob. R. 5.215 Authenticated copy of will.
Fla. Prob. R. 5.240 Notice of administration.
Fla. Prob. R. 5.241 Notice to creditors.
Fla. Prob. R. 5.470 Ancillary administration.
Rule 5.496. Form and Manner of Objecting to Claim
(a) Filing. An objection to a claim, other than a personal representative’s proof of claim, shall be in writing and shall be filed withinon or before the expiration of 4 months from the first publication of notice to creditors or within 30 days from the timely filing or amendment of athe claim, whichever occurs later.
(b) Objection to-Proof of Claim. — An objection to a personal representative’s proof of claim shall identiiy-the particular *1212 item-OR'-items-Qf-febe-elaim-to which objection is made.
(eb) Service. A personal representative or other interested person who files an objection to athe claim shall serve a copy by registered or certified mail or by deliv-eryof the objection on the claimant or claimant’s-attorney — of record within 10 days after the filing of the objection, and also on the-per-sonal-representative if. If the objection is filed by an interested person other than the personal representative, a copy of the objection shall also be served on the personal representative within 10 days after the filing of the objection.
(dc) Notice to Claimant. An objection shall contain a statement that the claimant is limited to a period of 30 days from the date of service of an objection within which to bring an action as provided by law.
Committee Notes
This rule represents an implementation of the procedure found in section 733.705, Florida Statutes, and adds a requirement to furnish notice of the time limitation in which an independent action or declaratory action must be filed after objection to a claim.

Rule History

1992 Revision: New rule.
2003 Revision: Reference in (a) to notice of administration changed to notice to creditors. Committee notes revised.
2005 Revision: Removed provision for objections to personal representative’s proof of claim, now addressed in rule 5.498, and subsequent subdivisions relettered. Reference to service on the claimant’s attorney removed because service on the attorney is required by rule 5.041(b). Committee notes revised.

Statutory References

§ 731.201(4), Fla. Stat. General definitions.
§ 733.705, Fla. Stat. Payment of and objection to claims.

Rule References

Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.498 Personal representative’s proof of claim.
Fla. Prob. R. 5.499 Form and manner of objecting to personal representative’s proof of claim.
Rule 5.498. Personal Representative’s Proof of Claim
(a) Contents. A personal representative’s proof of claim shall state:
(1) the basis for each claim;
(2) the amount claimed;
(3) the name and address of the claimant;
(4) the security for the claim, if any;
(5) whether the claim is matured, unma-tured, contingent, or unliquidated;
(6) whether the claim has been paid or is to be paid; and
(7) that any objection to a claim listed as to be paid shall be filed no later than 4 months from first publication of the notice to creditors or 30 days from the date of the filing of the proof of claim, whichever occurs later.
(b) Service. The proof of claim shall be served on all interested persons and all claimants listed in the proof of claim at the time of filing, or immediately thereafter.
Committee Notes
This rule represents an implementation of the procedure found in section 733.703(2), Florida Statutes, with respect to a proof of claim filed by the personal representative.

*1213
Rule History

2005 Revision: New rule.

Statutory References

§ 733.703(2), Fla. Stat. Form and manner of presenting claim.
§ 733.705, Fla. Stat. Payment of and objection to claims.

Rule References

Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.499 Form and manner of objecting to personal representative’s proof of claim.
Rule 5.499. Form and Manner of Objecting to Personal Representative’s Proof of Claim
(a) Filing. An objection to a personal representative’s proof of claim shall be in writing and shall be filed on or before the expiration of 4 months from the first publication of notice to creditors or within 30 days from the timely filing of the proof of claim, whichever occurs later.
(b) Contents. The objection shall identify the particular claim or claims listed as to be paid to which objection is made.
(c) Service. The objector shall serve a copy of the objection on the personal representative and on each claimant to which the objection relates within 10 days after the filing of the objection.
(d) Notice to Claimant. An objection shall contain a statement that the claimant is limited to a period of 30 days from the date of service of an objection within which to bring an action as provided by law. If the claim objected to is paid prior to the objection being filed, the claim shall be treated as if it were listed on the proof of claim as paid.
Committee Notes
If the claim to which the person objects is listed on the proof of claim as paid or is deemed to have been listed as paid (because the claim had been listed as to be paid, but was in fact paid subsequent to the filing of the proof of claim but prior to the filing of an objection to the claim), it shall not be necessary for the claimant to file an independent action on that claim on account of the objection. Issues of liability as between the estate and the personal representative individually for that claim shall be determined in the estate administration, in a proceeding for accounting or surcharge, or in another appropriate proceeding.

Rule History

2005 Revision: New rule.

Statutory Reference

§ 733.705, Fla. Stat. Payment of and objection to claims.

Rule References

Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.496 Form and manner of objecting to claim.
Fla. Prob. R. 5.498 Personal representative’s proof of claim.
Rule 5.530. Summary Administration
(a) Petition. The petition shall be verified and shall contain the statements required by law and the following:
(1) Facts showing that the petitioners are entitled to summary administration.
(2) A schedule of all assets required by law to be listed and the estimated value of each, separately designating protected homestead and exempt property.
(3) One of the following shall be included:
(A) A statement that the estate is not indebted.
*1214 (B) A statement that all creditors’ claims are barred.
(C) A statement that the petitioners have made diligent search and reasonable inquiry for any known or reasonably ascertainable creditors, theTfae name of each creditor, the nature of the debt, the amount of the debt and whether the amount is estimated or exact, and when the debt is due. If provision for payment of the debt has been made other than in the proposed order of distribution, the following information shall be shown:
(i) The name of the person who will pay the debt.
(ii) The creditor’s written consent for substitution or assumption of the debt by another person.
(iii) The amount to be paid if the debt has been compromised.
(iv) If the debt is to be paid in other than 1 lump sum or as directed by court order, the time and method of payment.
(4) A schedule of proposed distribution of all probate assets and the person to whom each asset is to be distributed.
(b) Testate Estate. In a testate estate, on the filing of the petition for summary administration, the decedent’s will shall be proved and admitted to probate.
(c) Order. If the court determines that the decedent’s estate qualifies for summary administration, it shall enter an order distributing the probate assets and specifically designating the person to whom each asset is to be distributed.
Committee Notes
Verification and service of a petition for summary administration are governed by rules 5.020, 5.040, and 5.041. Section 735.206(2), Florida Statutes, relating to diligent search for, and service of the petition for summary administration on, reasonably ascertainable creditors is substantive. Nothing in this rule is intended to change the effect of the statutory amendments.

Rule History

1977 Revision: Changes to conform to 1975 statutory revision. Established the requirements of a petition for summary administration and provided for the hearing thereon and the entry of the order of distribution of the assets.
1984 Revision: Extensive revisions and editorial changes. Committee notes revised.
1988 Revision: Editorial change in caption of (a). Committee notes revised.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Replaces “homestead” with “protected homestead” in (a)(2) to conform to addition of term in section 731.201(29), Florida Statutes. Committee notes revised.
2003 Revision: Committee notes revised.
2005 Revision: Subdivision (a)(3) amended to include requirements of section 735.206(2), Florida Statutes.

Statutory References

§ 731.104, Fla. Stat. Verification of documents.
§§ 735.201-735.2063, Fla. Stat. Summary administration.

Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.205(a)(3) Filing evidence of death.
*1215 Rule 5.620. Inventory
(a) Inventory. Within 60 days after issuance of letters, the guardian of the property shall file a verified inventory as required by law. All property not in the guardian’s possession as of the date the inventory is filed shall be so identified.
(b) Amended or Supplemental Inventory. If the guardian of the property learns of any property not included in the inventory, or learns that the description in the inventory is inaccurate, the guardian shall, within 30 days of this discovery, file a verified amended or supplemental inventory showing the change.
(c) Substantiating Papers. Unless ordered by the court, the guardian need not file the papers substantiating the inventory. Upon reasonable written request, the guardian of the property shall make the substantiating papers available for examination to those persons entitled to receive or inspect the inventory.
(d) Safe-Deposit Box Inventory. If the ward has a safe-deposit box, a copy of the safe-deposit box inventory shall be filed as part of the verified inventory.
Committee Notes

Rule History

1977 Revision: Change in committee notes to conform to statutory renumbering.
1984 Revision: Change to require inventory to be filed within 60 days after issuance of letters, rather than after appointment. Committee notes revised.
1988 Revision: Editorial changes. Committee notes revised. Citation form change in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Former rule 5.620(b) has been deleted as partly substantive and addressed in section 744.381, Florida Statutes, and the procedural part is unnecessary.
The committee recognizes the conflict between this rule and section 744.362, Florida Statutes, which requires the filing of the initial guardianship report (which includes the inventory) within 60 days after appointment. The committee believes this provision, which attempts to regulate when a paper must be filed with the court, is procedural and that a guardian may not receive letters of guardianship empowering the guardian to act contemporaneously with the appointment. Therefore, the issuance of letters is a more practical time from which to measure the beginning of the time period for the accomplishment of this act.
1992 Revision: Citation form changes in committee notes.
2005 Revision: Editorial changes in (d).

Statutory References

§ 199.062(4), Fla. Stat. Annual tax information reports.
§ 744.362, Fla. Stat. Initial guardianship report.
§ 744.365, Fla. Stat. Verified inventory.
§ 744.3701, Fla. Stat. Inspection of report.
§ 744.381, Fla. Stat. Appraisals.
§ 744.384, Fla. Stat. Subsequently discovered or acquired property.

Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.610 Execution by guardian.
*1216 Fla. Prob. R. 5.690 Initial guardianship report.
Fla. Prob. R. 5.700 Objection to guardianship reports.
Rule 5.625. Notice of Completion of Guardian Education Requirements
(a) Filing. Unless the guardian education requirement is waived by the court, each guardian, other than a professional guardian, shall file with the court within 1 year after the issuance of letters of guardianship a notice of completion of guardian education requirements.
(b) Content. The notice shall state:
(1)that the guardian has completed the required number of hours of course instruction and training covering the legal duties and responsibilities of a guardian, the rights of a ward, the availability of local resources to aid a ward, and the preparation of habilitation plans and annual guardianship reports, including account-ings;
(2) the date the course was completed;
(3) the name of the course completed; and
(4) the name of the entity or instructor that taught the course.
(c) Verification. The notice shall be verified by the guardian.
Committee Notes

Rule History

2005 Revision: New rule.

Statutory Reference

§ 744.3145, Fla. Stat. Guardian education requirements.